T. J. POLLOCK, Plaintiff and Appellee, v. The Board of Supervisors of Story County, Iowa, and Nevada Township Drainage District No. 17, Story County, Iowa, Appellants.

**Drainage:** ASSESSMENT OF BENEFITS: REVIEW ON APPEAL. The fact that many considerations enter into the assessment of benefits in drainage cases by a board of supervisors will not relieve the courts, on appeal, of the responsibility of trying such questions anew, when properly presented, although the action of the supervisors will not be lightly interfered with.

**Same:** COMPARISON OF BENEFITS. On appeal from an assessment of benefits to a particular tract it is not necessary that a comparison of the assessment with that of all the other tracts in the district be made, to entitle the question to consideration. Just how wide a range the comparison should take is a matter of judgment in each case, to be exercised by the complaining party at his peril.

**Same:** ASSESSMENTS: HOW DETERMINED. The cost of constructing a drain across a particular tract within a drainage district is not the basis for making the assessment to that tract and even though the assessment as made by the supervisors is less than the average cost per acre of constructing the drain across that tract. it may not be equitable as compared with the assessment of other tracts. A reduction of the assessment in the instant case by the lower court is held proper.

*Appeal from Story District Court.*—HON. CHARLES E. ALBROOK, Judge.

SATURDAY, NOVEMBER 16, 1912.

THIS is an appeal from an assessment of benefits in a drainage proceeding. From the order of the board of supervisors assessing benefits to the amount of $875 against him the plaintiff appealed to the district court of Story

county. Upon trial had the trial court reduced the assessment to $575. From such order of the trial court, the defendants appeal.—*Affirmed.*

*E. H. Addison,* for appellants.

*B. B. Welty,* for appellee.

EVANS, J.—The drainage district involved is located in Nevada Township, Story county. The water course involved has its head a short distance north of the northwest corner of section 5, and extends in a southeasterly course to its outlet some distance southeast of the southeast corner of section 8. The plaintiff is the owner of the south 31.5 acres of the southeast of the southwest of section 5. An eighteen-inch tile drain is laid through his land entering the same on his south line about twenty-seven rods west of his southeast corner, and passing up diagonally to his northwest corner and on to other lands, lying north and west. Between plaintiff's land and the outlet, considerable very large tile was used ranging from eighteen inches to thirty-six inches; much of the land being low and flat. The "base 40" was assessed at $1,400. Only about six sections were included in the district, and the cost of the drain was necessarily large.

It is urged upon us by appellant's brief that there are so many considerations that enter into the apportionment of the benefits of such a project that we ought not lightly to interfere with the finding of the board of supervisors. We are in thorough sympathy with the suggestion, and have so expressed ourselves in the recent case of *Rystad v. Drainage District,* 137 N. W. (Iowa), 1030. These cases present peculiar difficulties to the courts, and satisfactory conclusions thereon are hard to reach. Nevertheless, the district court can not avoid the responsibility of trying the question

1. DRAINAGE: assessment of benefits: review on appeal.

involved when presented by proper appeal. Nor can we avoid the responsibility of reviewing the action of the district court upon proper appeal here.

In our consideration of the case we are necessarily confined to the record as made in the district court, so far as the evidence is concerned. In the record before us we are impressed that there are some considerations which stand out quite prominently in favor of the plaintiff's contention. Whether these were overlooked by the appraisers and the board of supervisors, or whether they were otherwise met, is not made to appear in this record. None of such persons were used as witnesses by either party, and we are left wholly in the dark as to the method adopted by the original assessing tribunal to reach the amount fixed. Plaintiff's land was one of the tracts which was heavily assessed. Doubtless one good reason for this was that the tile passes through his land. It does appear, however, that the elevation of plaintiff's land is not only higher than that to the south and east of it along the water course, but that it is also higher by about three feet along the line of the water course than the land immediately north along such water course. The result of this elevation was to dam up the water to the north of this land and up the water course. From one-third to one-half of plaintiff's land was sufficiently elevated to make tillable ground. The remainder was good pasture land, growing blue grass and timothy. The water course passed through his land in an open ditch. His dry land was in the northeast one-half, and his wetter land was in the southwest one-half. Some comparisons were instituted by the witnesses as to the relative benefits to plaintiff's land and to other land along the course tiled. From a careful reading of the evidence as a whole, we are impressed that the assessment against plaintiff was higher in proportion to benefits than much of the other land, and that the district court was justified in making some reduc-

tion. How much reduction should be made is a more diffi-
cult question.

It is urged by appellant that the plaintiff failed to
institute a comparison with all of the tracts in the district,
and that he confined his comparison to a comparatively few
tracts. But a comparison was instituted with
2. SAME:
comparison of    the tracts similarly situated as being located
benefits.        upon the tile drain, and they bore the heavi-
est assessments. Just how wide a range such comparison
should take must be a matter of judgment in each given
case. And the complaining plaintiff must exercise such
judgment at his peril before he rests his case. We think
that the range of the inquiry in this case was sufficient for
the purpose of the investigation at hand. It is impracticable
for us to enter into a detailed dicussion of the evidence;
nor can we serve any public purpose thereby. It is proper,
however, that we take note of some considerations that are
pressed upon our attention by appellant's argument.

It is urged than an eighteen-inch tile was laid across
plaintiff's land at a depth of nine feet, and at a cost of
$1,136. It is also urged that this was an average cost of
                 construction through his land of $31.87 per
3. SAME: assess-
ments: how       acre; whereas, the average cost of construction
determined.      of eighteen-inch tile for the district as a
whole was only $14.20. It is argued therefore, that be-
cause the tax assessed was less than $28 per acre, whereas
the cost of construction across plaintiff's land was $31.87
per acre, he has received greater a benefit than the tax. Fur-
ther reflection must convince counsel that such argument
is not sound. The cost of construction of the drain across
particular land is by no means the measure of benefit to
such land. Granting, however, that it is a proper subject
for consideration, it turns a sharp edge toward the appel-
lants in this case. Manifestly the cost of construction across
this land was greatly increased by the great depth of nine
feet. This depth was rendered necessary because of its

high elevation and to furnish outlet to the lower elevations of the land further north and up the course. It will not be claimed that any man would lay a tile nine feet deep for the mere benefit of the land thus penetrated. And this great depth manifestly accounts for the increased cost per acre of laying the eighteen-inch tile across plaintiff's land as compared with the average cost of $14.20 per acre of the rest of the course of the eighteen-inch tile. No lands in the district appear to have been assessed for the full cost of construction across such land. The larger assessments which were brought forward for comparison amounted to only about one-third or one-half of such cost of construction. We must hold, therefore, that there is nothing in this phase of the argument that would justify complaint over the reduction made by the district court. The foregoing discussion should not be taken as an indication that we regard cost of construction through particular land as fixing either a maximum or minimum basis for assessment. On the one hand, the cost of such construction may have been greatly increased for the benefit of the lands above, and, on the other hand, regardless of the cost of construction, whether much or little, the plaintiff may have received a direct benefit of outlet from the drain below him. And he would be assessable with such benefits, even though he had incurred little or no cost of construction across his own land.

As to the amount of assessment fixed by the district court, it amounts to an average of about $18 per acre for the entire tract. No definite rule is available to us whereby we can say that it should be a little more or a little less. Approximation is the best that we are enabled to do.

It is our conclusion that the amount thus fixed was approximately right, and the order of the trial court is accordingly,—*Affirmed.*